# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| In the Matter of the Search of ) | Case No. 4:24 MJ 1194 JMB |
| Precision Location Information; Subscriber & ) | *Signed and Submitted to the Court for* |
| Transactional Records; Cell Site Information; Pen ) | *filing by reliable electronic means* |
| Register & Trap-and-Trace for Phone **(314) 978-6920** ) | **FILED UNDER SEAL**. |

## APPLICATION FOR A SEARCH WARRANT

I, __Joshua Marreel__, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

**See Attachment A**

located in the _____ District of _____New Jersey_____, there is now concealed

**See Attachment B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
❏ evidence of a crime;
❏ contraband, fruits of crime, or other items illegally possessed;
❏ property designed for use, intended for use, or used in committing a crime;
✓ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, USC Section 841 and 846 | possession with the intent to distribute controlled substances and conspiracy |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

✓   Continued on the attached sheet.
❏   Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under penalty of perjury that the forgoing is true and correct

_____
*Applicant's signature*
Joshua M. Marreel Deputy USMS

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedures 4.1 and 41.

Date: __May, 30, 2024__

_____
*Judge's signature*

City and State: __St. Louis, MO__   Honorable John M. Bodenhausen, U.S. Magistrate Judge
*Printed name and title*
AUSA: Dane A. Rennier

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION     )<br>OF THE UNITED STATES OF AMERICA    )<br>FOR A WARRANT TO OBTAIN            )<br>LOCATION INFORMATION, INCLUDING    )<br>PRECISION LOCATION INFORMATION;    )<br>SUBSCRIBER AND TRANSACTIONAL       )<br>RECORDS; CELL SITE INFORMATION;    )<br>AND FOR A PEN REGISTER AND TRAP    )<br>AND TRACE DEVICES FOR PHONE        )<br>NUMBER **(314) 978-6920.**             ) | Case No.  4:24 MJ 1194 JMB<br><br>*Signed and Submitted to the Court for filing by reliable electronic means*<br><br>**FILED UNDER SEAL** |

# AFFIDAVIT

I, Joshua Marreel, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a warrant and order pursuant to Rule 41 and 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) for information associated with a cellular telephone **(314) 978-6920** (hereinafter referred to as the "subject cellular telephone") to require **Verizon Wireless** (hereinafter "the Provider"), and/or any service providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, to disclose to the United States location information, including precision location information, transactional and subscriber data and cell site location information, and the installation and use of other pen register and trap and trace devices associated with the subject cellular telephone**,** as described in Attachment B to the requested warrant and order.

2.     I, Joshua Marreel, am a Deputy with the United States Marshals Service (USMS) and have been since October 31, 2018. Before joining the USMS, I served in the United States

1

Marine Corps, completed an undergraduate degree in Criminology at the University of Nebraska, a master's degree in Homeland Security Studies at Sam Houston State University, and served as a Police Officer with the City of Omaha, Nebraska.  I have received and completed training as a local law enforcement officer in Omaha, Nebraska and at the Federal Law Enforcement Training Center (FLETC) as a criminal investigator.  During my tenure in law enforcement, I have investigated hundreds of federal and state fugitives and cases to include but not limited to sex offenders, gang members, violent repeat offenders, and those with extensive criminal history.  I have received training and have used information from cellular service providers to locate and apprehend fugitives.  These measures include telecommunications intercepts, internet intercepts (including log files, originating IP addresses, methods, and locations of connections), open-source investigations, and global positioning systems/radio frequencies tracking devices as they relate to fugitive investigations.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. The present affidavit is being submitted in connection with an application of the United States for a warrant and order authorizing agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to obtain location information, including precision location information, cell site location information, and other signaling information, including pen register information, in an effort to locate and monitor the location of the subject cellular telephone.

5. The United States Marshals Service (USMS) has probable cause to believe that the subject cellular telephone is currently being used by **William PAEPER** (hereinafter "**PAEPER**") who is the subject of an active federal arrest warrant, charging **PAEPER** with conspiracy to both distribute and possess with intent to distribute controlled substances (in case number 4:24-CR-261-MTS/SPM, and whose whereabouts are unknown. There is also probable cause to believe that the location information described in Attachment B to the requested warrant and order will lead to the location and arrest of **PAEPER**.

## BACKGROUND CONCERNING WIRELESS PROVIDERS

6. Based on my knowledge, training, and experience, as well as information provided by investigators with specialized experience relating to cellular telephone technology, I am aware of the following facts and considerations:

a. Wireless phone providers typically generate and retain certain transactional information about the use of each telephone call, voicemail, and text message on their system. Such information can include log files and messaging logs showing all activity on a particular account, such as local and long distance telephone connection records, records of session times and durations, lists of all incoming and outgoing telephone numbers or other addressing information associated with particular telephone calls, voicemail messages, and text or multimedia messages.

b. Wireless phone providers also typically generate and retain information about the location in which a particular communication was transmitted or received. For example, when a cellular device is used to make or receive a call, text message or other communication, the wireless phone provider will typically generate and maintain a record of which cell tower(s) was/were used to process that contact. Wireless providers maintain information, including the corresponding cell

3

towers (i.e., tower covering specific geographic areas), sectors (i.e., faces of the towers), and other signaling data as part of their regularly conducted business activities. Typically, wireless providers maintain records of the cell tower information associated with the beginning and end of a call.

      c.      Because cellular devices generally attempt to communicate with the closest cell tower available, cell site location information from a wireless phone provider allows investigators to identify an approximate geographic location from which a communication with a particular cellular device originated or was received.

      d.      Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages. A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received. The provider could have this information because each cellular device has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI"). When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or tower records those identifiers.

      e.      Wireless providers also maintain business records and subscriber information for particular accounts. This information could include the subscriber's full name and address, the

address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscriber's Social Security Number and date of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscriber.  In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed).  The providers may also have payment information for the account, including the dates and times of payments and the means and source of payment (including any credit card or bank account number).

      f.      Providers of cellular telephone service also typically have technical capabilities that allow them to collect and generate more precise location information than that provided by cell site location records.  This information is sometimes referred to as E-911 phase II data, GPS data or latitude-longitude data.  In the Eastern District of Missouri, such information is often referred to as precision location information or PLI data.  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by attempting to triangulate the device's signal using data from several of the provider's cell towers.  Depending on the capabilities of the particular phone and provider, E-911 data can sometimes provide precise information related to the location of a cellular device.

      g.      In order to locate the subject cellular telephone and monitor the movements of the phone, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may need to employ one or more techniques described in this affidavit and in the application of the United States.  The investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may seek a warrant to compel the Provider, any

5

telecommunication service providers reflected in Attachment A to the requested Warrant and Order, to include providers of any type of wire and/or electronic communications (herein incorporated by reference), and any other applicable service providers, to provide precision location information, including Global Position System information (if available), transactional records, including cell site location information, and pen register and trap and trace data.

## INVESTIGATION AND PROBABLE CAUSE

7. On May 29, 2024, a Federal Grand Jury, sitting in the Eastern District of Missouri, returned an Indictment charging **PAEPER** with conspiracy to both distribute and possess with intent to distribute controlled substances (in case number 4:24-CR-261-MTS/SPM). An arrest warrant was issued for **PAEPER** pursuant to this Indictment.

8. The USMS was assigned apprehension responsibilities for **PAEPER**, and your affiant initiated an investigation into **PAEPER'S** whereabouts.

9. During the course of the investigation into the location of **PAEPER**, your affiant has only been able to compile a list of possible locations where he could be residing through law enforcement, commercial, and open-source database searches for information concerning **PAEPER'S** whereabouts.

10. During the investigation, it was learned that **PAEPER** was currently on Missouri State Probation and the affiant officer has been in contact with a Missouri State Probation Officer, who provided a current phone number for **PAEPER** on or about May 29, 2024. That phone number was **(314) 978-6920**.

11. A law enforcement database search of **(314) 978-6920** showed the number to be a Verizon Wireless cell phone number registered to **PAEPER**.

12. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting **PAEPER**, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## CONCLUSION

13. Based on the above information, there is probable cause to believe that the subject cellular telephone is being used by **William PAEPER**, who is the subject of an active federal arrest warrant, charging **PAEPER** with conspiracy to both distribute and possess with intent to distribute controlled substances (in case number 4:24-CR-261-MTS/SPM), and whose whereabouts are unknown. There is likewise probable cause to conclude that locating and monitoring the movements of the subject cellular telephone will lead to the location and arrest of **PAEPER**.

14. None of the investigative techniques that may be employed as a result of the present application and affidavit require a physical intrusion into a private space or a physical trespass. Electronic surveillance techniques such as pen register and cell site location monitoring typically have not been limited to daytime use only. Furthermore, the criminal conduct being investigated is not limited to the daytime. Therefore, the fact that the present application requests a warrant based on probable cause should not limit the use of the requested investigative techniques to daytime use only. Accordingly, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, request the ability to employ these investigative techniques at any time, day or night.

15. The monitoring of the location of the subject cellular telephone by one of the methods described herein will begin within ten (10) days of the date of issuance of the requested Warrant and Order.

I state under penalty of perjury that the forgoing is true and correct

_____
Joshua M. Marreel
Deputy U.S. Marshal
United States Marshals Service


Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 on this  30th  day of May 2024

_____
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

8

# ATTACHMENT A

The United States has submitted an application pursuant to 18 U.S.C. §§ 2703(c)(1)(A) & B, (c)(2), and 3122 and Federal Rule of Criminal Procedure 41 requesting that the Court issue a Warrant and Order requiring a telecommunications service provider reflected in Part II of this Attachment A, to disclose the records and other information concerning the account described in Part I of this Attachment A.

    I.      **The Account(s)**

The Order applies to certain records and information associated with the following:

| Provider Name | Number or identifier | Owner, if known | Subject of investigation, if known |
|---|---|---|---|
| Verizon | (314) 978-6920 (the subject cellular telephone) | | William PAEPER |

    II.      **The Provide**

Records and information associated with the subject cellular telephone that is within the possession, custody, or control of Verizon Wireless**,** and other applicable service providers reflected on the list contained in this Attachment A**,** including information about the location of the subject cellular telephone if it is subsequently assigned a different call number.

1

## LIST OF TELECOMMUNICATION SERVICE PROVIDERS

| | | | |
|---|---|---|---|
| 01 Communications | Egyptian Telephone | Mid-Atlantic | Socket Telecom |
| Access Line Communication | Electric Lightwave, Inc. | Midvale Telephone Exchange | Spectrum |
| ACN, Inc. | Empire Paging | Mobile Communications | Sprint |
| ACS | Ernest Communications | Mound Bayou Telephone Co. | SRT Wireless |
| Aero Communications, Inc. (IL) | EZ Talk Communications | Mpower Communications | Star Telephone Company |
| Afford A Phone | FDN Communications | Navigator Telecommunications | Start Wireless |
| Airvoice Wireless | Fibernit Comm | NE Nebraska Telephone | Sugar Land Telephone |
| Alaska Communications | Florida Cell Service | Netlink Comm | Sure West Telephone Company |
| Alhambra-Grantfx Telephone | Florida Digital Network | Network Services | Talk America |
| Altice USA | Focal Communications | Neustar | Tele Touch Comm |
| AmeriTel | Frontier Communications | Neutral Tandem | Telecorp Comm |
| AOL Corp. | FuzeBox, Inc. | Nex-Tech Wireless | Telepak |
| Arch Communication | Gabriel Comm | Nexus Communications | Telispire PCS |
| AT&T | Galaxy Paging | NII Comm | Telnet Worldwide |
| AT&T Mobility | Global Communications | North Central Telephone | Tex-Link Comm |
| Bell Aliant | Global Eyes Communications | North State Comm | Time Warner Cable |
| Big River Telephone | Global Naps | Northcoast Communications | T-Mobile |
| Birch Telecom | Grafton Telephone Company | Novacom | Total Call International |
| Blackberry Corporation | Grand River | Ntera | Tracfone Wireless |
| Brivia Communications | Grande Comm | NTS Communications | Trinity International |
| Broadview Networks | Great Plains Telephone | Oklahoma City SMSA | U-Mobile |
| Broadvox Ltd. | Harrisonville Telephone Co. | ONE Communications | United Telephone of MO |
| Budget Prepay | Heartland Communications | ONSTAR | United Wireless |
| Bulls Eye Telecom | Hickory Telephone | Optel Texas Telecom | US Cellular |
| Call Wave | Huxley Communications | Orion Electronics | US Communications |
| Cbeyond Inc. | iBasis | PacBell | US LEC |
| CCPR Services | IDT Corporation | PacWest Telecom | US Link |
| Cellco Partnership, d/b/a Verizon Wireless | Illinois Valley Cellular | PAETEC Communications | US West Communications |
| | Insight Phone | Page Plus Communications | USA Mobility |
| Cellular One | Integra | Page Mart, Inc. | VarTec Telecommunications |
| Cellular South | Iowa Wireless | Page Net Paging | Verisign |
| Centennial Communications | IQ Telecom | Panhandle Telephone | Verizon Telephone Company |
| CenturyLink | J2 Global Communications | Peerless Network | Verizon Wireless |
| Charter Communications | Leap Wireless International | Pineland Telephone | Viaero Wireless |
| Chickasaw Telephone | Level 3 Communications | PhoneTech | Virgin Mobile |
| Choctaw Telephone Company | Locus Communications | PhoneTel | Vonage Holdings |
| Cimco Comm | Logix Communications | Preferred Telephone | Wabash Telephone |
| Cincinnati Bell | Longlines Wireless | Priority Communications | Wave2Wave Communications |
| Cinergy Communications | Los Angeles Cellular | Puretalk | Weblink Wireless |
| Clear World Communication | Lunar Wireless | RCN Telecom | Western Wireless |
| Com-Cast Cable Comm. | Madison River Communications | RNK Telecom | Westlink Communications |
| Commercial Communications | | QWEST Communications | WhatsApp |
| Consolidated Communications | Madison/Macoupin Telephone Company | Sage Telecom | Windstream Communications |
| Cox Communications | | Seren Innovations | Wirefly |
| Cricket Wireless | Mankato Citizens Telephone | Shentel | XFinity |
| Custer Telephone Cooperative | Map Mobile Comm | Sigecom LLC | XO Communications |
| DBS Communications | Marathon Comm | Sky Tel Paging | Xspedius |
| Delta Communications | Mark Twain Rural | Smart Beep Paging | Yakdin Valley Telephone |
| Detroit Cellular | Max-Tel Communications | Smart City Telecom | YMAX Communications |
| Dobson Cellular | Metro PCS | | Ztel Communications [1] |
| | Metro Teleconnect | | |

---

[1] Last Update: 03/17/2019

2

**ATTACHMENT B**

It is hereby ordered, pursuant to 18 U.S.C. §§ 2703(c)(1)(A) &(B), (c)(2) and 3123 and Federal Rule of Criminal Procedure 41, that the Provider(s) identified in Attachment A shall disclose to the United States the following:

**I.     PRECISION LOCATION INFORMATION**

   **A.     Information to be Disclosed by the Provider**

All information for the following time period of forty-five days from the date of this Warrant and Order, that is for the time period from *May 30, 2024 to July 13, 2024* **(CT)** during all times of day and night, regarding the location of the subject cellular telephone described in Attachment A.

"Information about the location of the subject cellular telephone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precision location information, as well as all data about which "cell towers" (*i.e.*, antenna towers covering specific geographic areas) and "sectors" (*i.e.*, faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the investigative agency(ies).

   **B.     Information to Be Seized by the United States**

All information described above in Part I, Section A that will assist in arresting **William PAEPER**, who is charged with Conspiracy to distribute and possess with the intent to distribute methamphetamine and fentanyl and Conspiracy to maintain a drug premises, in the United States District Court for the Eastern District of Missouri, in Case Number 4:24-CR-261-MTS/SPM, and

1

and whose whereabouts are currently unknown, and is the subject of an arrest warrant issued on May 29, 2024, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).]

## II.     CELL TOWER RECORDS AND OTHER TELECOMMUNICATION DATA

For the subject cellular telephone identified in Attachment A, the following telecommunication records and information, but not the contents of any communication for the past thirty (30) days from the date of this Warrant and Order and at reasonable intervals for up to forty-five (45) days from the date of this Warrant and Order, the following:

**Information to be Disclosed by the Provider**

1. All available names, addresses, and identifying information, and other subscriber and service feature information and types of service utilized;

2. Length of service;

3. All telephone numbers, Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI")  numbers, including any and all customer service records, credit and billing records, can-be-reached numbers (CBR), enhanced custom calling features, Media Access Control (MAC), and primary long-distance carrier;

4. Subscriber information available for any originating telephone number;

5. Automated Messaging Accounting (AMA) records (a carrier billing mechanism data base search which provides records of originating and terminating caller information for calls to the subject cellular telephone) for the above-specified time period;

2

   6. Means and source of payment for services, including any credit card or bank account number, and air-time summaries for available service periods, for the IP (internet protocol) addresses being utilized by and signaled to and from the aforementioned subject cellular telephone;

   7. Cellular telephone records and information pertaining to the following, for the above-specified time period:

    (a) call detail information such as (provided in an electronic format specified by the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies);

    (b) cell site activation information, including information identifying the antenna tower receiving transmissions from the subject cellular telephone number, and any information on what portion of that tower is receiving a transmission from the subject cellular telephone number, at the beginning and end of a particular telephone call made to or received by the subject cellular telephone number;

    (c) numbers dialed;

    (d) call duration;

    (e) incoming numbers if identified;

    (f) signaling information pertaining to that number;

    (g) a listing of all control channels and their corresponding cell sites;

    (h) an engineering map showing all cell site tower locations, sectors and orientations;

    (i) subscriber information, including the names, addresses, credit and billing information, published and non-published for the telephone numbers being dialed from the subject cellular telephone;

     (j) historical location estimates and range to tower information, such as Network Event Location System (NELOS), round-trip time (RTT), GPS, and per-call measurement data (PCMD), True Call;

     (k) Time Difference of Arrival (TDOA); and,

     (l) Internet Protocol (IP addresses) utilized by and signaled to and from the subject cellular telephone.

### III. PEN REGISTERS AND TRAP AND TRACE DEVICES

For the subject cellular telephone identified in Attachment A for a period of forty-five (45) days from the date of this Warrant and Order, the following:

1. Pursuant to Title 18, United States Code, Section 3123, pen register and trap and trace devices, including enhanced caller identification, may be installed by the investigative agency(ies) and used to record or decode dialing, routing, addressing, or signaling information, and to capture the incoming electronic or other impulses, which identify the originating number or other dialing, routing, addressing and signaling information reasonably likely to identify the source of a wire or electronic communication to and from the subject cellular telephone number, including the direct connect, Voice-over-LTE (VoLTE), non-content data transmissions, or digital dispatch dialings (if applicable), the dates and times of such dialings, and the length of time of the connections, pertaining to the subject cellular telephone described in Attachment A., including the date, time, and duration of the communication, and the following, without geographic limit, including:

    a. IP addresses associated with the cell phone device or devices used to send or receive electronic communications;

    b. Any unique identifiers associated with the cell phone device or devices used to make and receive calls with cell phone number described in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN;

    c. IP addresses of any websites or other servers to which the subject cellular telephone connected;

    d. Source and destination telephone numbers and email addresses;

    e. "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c).

2. The Provider, and/or any telecommunications service providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall initiate caller identification on the subject cellular telephone identified in Attachment A, without the knowledge of or notification to the subscriber, for the purpose of registering incoming telephone numbers

3. The Providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall furnish the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace devices, including enhanced caller identification, unobtrusively and with minimum interference to the services that are accorded persons with respect to whom the installation and use is to take place.

4. The Providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable telecommunications service

providers, shall provide the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, with the results of the pen register and trap and trace devices, including enhanced caller identification, at reasonable intervals for the duration of this Warrant and Order.

5. Should the subject cellular telephone identified in Attachment A and/or ESN, MIN, IMEI, MSID or IMSI number listed above be changed by the subscriber during the effective period of this Order, the request for pen register and trap and trace devices, including enhanced caller identification, shall remain in effect for any new telephone to which the subject cellular telephone listed above is changed throughout the effective period of these Warrants and Orders.

6. The Providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall be provided compensation by the lead investigative agency for reasonable expenses incurred in providing technical assistance.

7. Pursuant to Title 18, United States Code, Sections 3123(d)(1) and (2), the Provider, and the service providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall not disclose the existence of this application and/or any warrant or order issued upon this application, or the existence of the investigation, for a period of one year from the date of this Order to a subscriber or lessee or to any other person, except that the provider may disclose the warrant to an attorney for the provider for the purpose of receiving legal advice.

This Warrant and Order does not authorize interception of any communications as defined in Title 18, United States Code, Section 2510(4), but authorizes only the disclosure of signaling

6

information, including cell site information, precision location information, including GPS information, related to the subject cellular telephone.

The investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to whom this Warrant and Order is directed will begin monitoring the location of the subject cellular telephone by one of the methods described in this Warrant within ten (10) days of the date of this Warrant and Order.